UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-00139

**DAVID BRICE BARNES**                                                          **PLAINTIFF**

**v.**

**EXPRESS CHECK ADVANCE OF KENTUCKY, LLC,**
**EXPRESS CHECK ADVANCE, LLC**
**SHAWNA LATHAM,**
**COREY PRICE,**
**RANDEL MCCOY, and**
**ANTHONY R. SCALES**                                    **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion for Summary Judgment (DN 12). Plaintiff has not responded. The time for filing a response having expired, this matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

Plaintiff David Brice Barnes brought this action against Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Defendants contend that the FDCPA is inapplicable to them, and therefore they are entitled to judgment as a matter of law.

According to Defendants, on April 4, 2008, Barnes obtained a cash advance from Defendant Express Check Cash Advance of Kentucky, LLC ("ECAK") in Beaver Dam, Kentucky. On May 20, 2008, ECAK received notice that Barnes's check was rejected for insufficient funds. ECAK then initiated efforts to collect Barnes' debt with ECAK through the use of its own employees.[1] Barnes has not submitted a response disputing these facts.

---

[1] Defendant Anthony R. Scales is the Chief Operating Officer of ECAK and Express Check Advance, LLC ("ECA"). He states in the affidavit attached to Defendants' Motion that ECA is a Tennessee limited liability company and sole member of ECAK, and no employees of

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

The purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

---

ECA attempted or made contact with Barnes with regard to the allegations set forth in the Complaint.

consumers against debt collection abuses." 15 U.S.C. § 1692(e). A "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed," except "to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Liability under the FDCPA generally attaches only to "debt collectors" and not "creditors."[2] 15 U.S.C. §§ 1692(c)-(g); *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003).

Based on the evidence presented to the Court, ECAK is a creditor not liable under the FDCPA. The only contact ECAK had with Barnes related to the debt he owed ECAK. Consequently, any officer or employee of ECAK could also not be liable under the FDCPA. Further, there is also no evidence that ECA was involved in collecting Barnes' debt owed to ECAK.

For the foregoing reasons, Defendants' Motion for Summary Judgment (DN 12) is GRANTED. An appropriate order shall follow.

---

[2] "[A]ny creditor who in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" is a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6).